IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION



| | | |
|---|---|---|
| JOHN E. CARRILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:04-CV-0219-C |
| | § | ECF |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the court *sua sponte*. Plaintiff filed his complaint on September 20, 2004, seeking review of the decision of the Commissioner denying his applications for a period of disability and disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act. Plaintiff is proceeding *pro se* and *in forma pauperis*.

### I. PROCEDURAL HISTORY

The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. Upon Plaintiff's application to proceed *in forma pauperis*, the court entered an Order Permitting Filing *In Forma Pauperis* and directing issuance of process on March 4, 2005 (Doc. 5). This matter was remanded for further administrative proceedings upon the unopposed motion of the Defendant on April 15, 2005 (Doc. 9). On July 6,

2005, the court vacated the order to remand. This matter was again referred to the United States Magistrate Judge on July 6, 2005 (Doc. 12). Defendant filed her answer on August 1, 2005, with a transcript of the administrative record (Docs. 13, 15). The court entered a briefing scheduling order on August 3, 2005, which required Plaintiff to file his brief setting forth his claims of error within forty (40) days (Doc. 16). Plaintiff filed a motion for extension of time to file his brief, which the court granted, and Plaintiff was given until November 30, 2005 to file his opening brief (Doc.18).

This second deadline elapsed. Plaintiff failed to seek any further extension of time to file his brief and failed to file his brief. The court entered an Order to Show Cause on December 21, 2005, providing that Plaintiff should show good cause for his failure to timely file his brief, and also required Plaintiff to file his brief within twenty (20) days (Doc. 19). Plaintiff failed to comply with the Order to Show Cause. The court entered a Second Order to Show Cause on February 1, 2006 (Doc. 22), again warning Plaintiff that his failure to comply with the orders of the court and his failure to file his brief demonstrated a manifest lack of interest in litigating his claims. On February 16, 2006, Plaintiff's attorney moved to withdraw as attorney of record (Doc. 24), and this request was granted (Doc. 25). Plaintiff was reminded of the February 21, 2006, deadline to respond to the Second Order to Show Cause and to file his opening brief. Plaintiff failed to respond to the Second Order to Show Cause and has failed to file his brief.

FEDERAL RULE OF CIVIL PROCEDURE 41(b) provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court." A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)(citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

This court, having considered the failure of the Plaintiff to file any brief and the failure of the Plaintiff to comply with the orders of this court, recommends that the United States District Judge dismiss the complaint with prejudice and enter a judgment for Defendant.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Plaintiff filed a complaint in the United States District Court for review of a final decision of the Commissioner of Social Security. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Plaintiff has failed to file a brief in support of his appeal of the final decision of the Commissioner as was ordered by the court. *See* Order filed August 3, 2005 (Doc. 16). Plaintiff has failed to respond in any manner to the court's orders to file a brief. The court's orders dated December 21, 2005, and February 1, 2006, specifically advised Plaintiff that if he failed to file a brief by the specified date, the court would recommend to the District Court that judgment be entered for the Defendant.

The court has the authority to order a party to submit a brief in support of the party's position just as it has the authority to require oral argument or attendance at conferences. The court also has the inherent authority to dismiss an action *sua sponte*; the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)(quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31(1962)). Because of Plaintiff's failure to comply with the court's orders, the court recommends that Plaintiff's complaint be dismissed with prejudice.

Although proceeding *pro se*, Plaintiff is nevertheless required to comply with the applicable local civil rules of this court, as well as the FEDERAL RULES OF CIVIL PROCEDURES. *See* Northern District of Texas Civil Local Rule 83.14. Plaintiff's failure to comply with the court's order or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action

"[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims.

A court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)(citing *Link*, 370 U.S. at 630-31; *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982)); *see also Larson*, 157 F.3d at 1032.

The court also recommends that Plaintiff's complaint be dismissed with prejudice because Plaintiff, having failed to file any brief in support of his complaint, has thus failed to set forth any adequate claims of error in the Commissioner's decision.

### III. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge affirm the Commissioner's decision and dismiss the Plaintiff's complaint with prejudice.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.

Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 14th day of July, 2006.

/s/ Philip R. Lane
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**